J. R. HACKLEMAN v. THE STATE.

No. 3335.  Decided January 24, 1906.

**Local Option—Jury and Jury Law—Bill of Exceptions—Statutes Construed.**

Upon a trial for a violation of the local option law, where the bill of exceptions with reference to the empanelment of the jury did not show that there were twelve names in the box to be drawn, but rather excludes that idea in the

statement that the sheriff was required to bring in other jurors; the same
suggested clearly that these were talesmen, and that there were only six names
in the box which were placed upon the list and handed to defendant's counsel
to pass upon. This would be a sufficient compliance with the statutes under
articles 683 and 684, Code Criminal Procedure.

Appeal from the County Court of Grayson.    Tried below before Hon.
G. P. Webb.

Appeal from a conviction of a violation of the local option law;
penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction is for violating
the local option law. Quillin and Evans were the witnesses. The sale
was charged to have been made to Evans, who testified that when he
and Quillin went into appellant's place of business, he was standing
behind the bar; that he set out a bottle of whisky on the counter with
some glasses, and he and Quillin drank. The bottle contained whisky.
Evans paid 25 cents for the two drinks. Quillin testified as did Evans.
Appellant introduced no evidence.

A bill of exceptions was reserved to the manner of empaneling the
jury, which recites that the jury list handed to appellant, from which
to select the jury contained only six names. Request was made of
the court for a panel of twelve, which was denied. One of these
jurors was dimissed for cause; three were stricken from the list by ap-
pellant and two by the State, which exhausted the panel. The sheriff
then brought in another list of six. Appellant requested the court to
give him a list "without any strikes or scratches on it," which was re-
fused. The court stated, "that defendant was bound by his strikes or
challenges already made." A jury was then empaneled and defendant
moved to quash the panel on the ground that the jury had been im-
properly empaneled as above set out. The case is before us without
brief or citation of authority. Article 684, Code Criminal Procedure,
provides, "When there are not as many as twelve names drawn from
the box, if in the district court, or if in the county court as many as
six, the court shall direct the sheriff to summon such number of
qualified persons as the court may deem necessary to complete the panel,
and the names of the persons thus summoned shall be placed in the
box and drawn and entered upon the slips as provided in the pre-
ceding articles." Article 683 provides, "The clerk shall draw from
the box, in the presence of the court, the names of twenty-four jurors,
if in the district court, or so many as there may be if there be a less
number in the box; and the names of twelve jurors if in the county
court, or so many as there may be if there be a less number in the
box, and write the names as drawn upon two slips of paper, and deliver

one slip to the attorney for the State and the other to the defendant or his attorney." This bill of exceptions leaves it in very serious doubt as to what was really done. If there were only six names in the box, and they were placed upon the list under article 684, it would seem that this would be a sufficient compliance with the statute. The bill rather indicates that there were only six jurors, which for one reason or another became exhausted; and that the sheriff, under the instructions of the court, summoned six jurors as talesmen. Where error is relied upon in the empanelment of the jury the bill of exceptions must show this error. If there were only six jurors on the regular jury, and these had all been placed upon the list, it would seem that this would be sufficient; and if they were exhausted, then under other articles of the statute, the sheriff would be reqiured to summon talesmen. This bill does not show that there were twelve names in the box to be drawn, but it rather excludes that idea in the statement that the sheriff was required to bring in other jurors, which suggests clearly that they were talesmen. As presented the bill does not show any error on the part of the court in the rulings stated. The evidence is sufficient to sustain the conviction, and the judgment is affirmd.

*Affirmed.*