## SHY JONES v. THE STATE.

### No. 3374.   Decided February 7, 1906.

**Local Option—Statement of Facts—Certiorari—Affidavit.**

Where upon appeal from a judgment of conviction of violating the local
option law the record contained a motion for writ of certiorari predicated upon
an affidavit that the clerk improperly included in the statement of facts in
the transcript the order of the commissioners court declaring result of the local
option election, and that these had not been embraced in the statement of facts
as agreed to, but simply noted that they should be copied, the judgment will be
reversed.

Appeal from the County Court of Limestone.   Tried below before
Hon. James Kimbell.

Appeal from a conviction of a violation of the local option law;
penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Harper, Jackson & Harper,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Conviction for violating the local option law, fine
imposed being $25 and twenty days in jail.   There is a motion in the
record for writ of certiorari, which is predicated upon the following
affidavit of the deputy county clerk of Limestone County, to wit:   "Af-
fiant shows that he prepared the transcript in the above styled cause;
that in the original statement of facts, as agreed on by the attorneys
and approved by the county judge and filed in said cause, the order of
the commissioners court was not set out or copied therein, as done in the
statement of facts in the transcript; but in the original statement of
facts as filed, where these orders now appear in the statement of facts
in the transcript, were these words:   "(Clerk here copy orders on page
15, 19 and 31, Book F.)"   And affiant shows in preparing the transcript
he copied in the statement of facts said orders from the minutes of the
commissioners court, following above instructions."   Under this show-
ing the orders copied in the statement of facts cannot be considered.
In other words, the clerk was not warranted in copying that part of
the record of the minutes introduced on the trial, showing that local
option was in force, but these orders should have been set out in the
statement of facts.   This being true, these orders must be stricken
from the statement of facts in the transcript, and without a showing
that local option was in force in Limestone County, upon which this
prosecution is predicated, the judgment is reversed and the cause re-
manded.

*Reversed and remanded.*