JOE WATSON v. THE STATE.

No. 3388. Decided February 14, 1906.

**1.—Burglary—Statutes Construed—Reformatory—Verdict—Age of Defendant.**

Under arficle 1145, Code Criminal Procedure, it is mandatory that the jury find by their verdict that the defendant was not over 16 years of age at the time of the trial, before they can find that he should be sent to the reformatory, and where the jury failed to find on a trial for burglary in their verdict the age of the defendant the judgment must be reversed.

**2.—Same—Charge of Court—Force—Entry.**

On a trial for burglary, a charge which failed to define the term force in defining the term entry and authorizing conviction for entering the house alleged to have been burglarized, was insufficient.

Appeal from the Criminal District Court of Dallas. Tried below before Hon. E. B. Muse.

Appeal from a conviction of burglary; penalty, two years confinement in the State reformatory.

The opinion states the case.

*Baskett & Evans,* for appellant.—On question of verdict: Shaw v. State, 2 Texas Crim. App., 487; Taylor v. State, 5 id., 569; Hays v. State, 17 S. W. Rep., 1063; Sanchez v. State, 21 id., 364; Washington v. State, 13 id., 606; Duncan v. State, 15 id., 407.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.— This is a conviction for burglary. The judgment must be reversed because the jury failed to find in their verdict the age of defendant. The evidence of one witness is, that he was 15 or 16 years of age; and appellant and his mother testified that he was 15 years of age on the 7th of March, 1905. The question is, whether the verdict complies with the requirement of the statute when it fails to state the age of defendant when the punishment is confinement in the reformatory. Article 1145 Code Criminal Procedure provides: "When upon the trial and conviction of any person in this State of a felony, it is found by the verdict of the jury the defendant is not more than 16 years of age, and the verdict of conviction is for confinement for five years or less, the judgment and sentence of the court shall be that the defendant be confined in the house of correction and reformatory instead of the penitentiary for the term of his sentence, and that such defendant be conveyed to the house of correction and reformatory by the proper authority and there confined for the period of his sentence, and for such service such officer shall be paid the same fees that he would be allowed for conveying such convicts to the penitentiary; provided, that the age of the defendant shall not be admitted by the attorney representing the State, and it shall be proved by full and sufficient evidence that the defendant is not more than 16 years of age before the judgment herein provided for shall be entered; provided, the jury convicting shall say in their verdict whether the convict shall be sent to the penitentiary or to the reformatory." This statute has been held in all of the decisions by this court to be mandatory, and seems to require two things to be specified in the verdict where cases of this kind arise; first, that the jury must find by the verdict that defendant is not more than 16 years of age when the punishment assessed is for confinement for five years or less; and second, the jury must state in their verdict, whether the convict must be sent to the penitentiary or to the reformatory. Judgments have always been reversed where the verdict fails to fix the place of punishment—reformatory or penitetiary as the case may be. That section of the statute has been held to be absolutely mandatory. For

as strong reason it occurs to us that the other portion of the statute; that is, the verdict must ascertain the age, as a prerequisite to sending the convict to the reformatory, is equally mandatory. This statute has been amended from time to time, and so amended as to prevent the attorney representing the State from admitting. the age of the defendant; but it requires there shall be full and sufficient evidence that the convict is not more than 16 years of age. Until the jury has ascertained the fact that the convict is 16 years of age or less and that he shall be sent to the reformatory, the verdict is not sufficient. It must be definitely ascertained as a prerequisite to the convict being sent to the reformatory that he is not over 16 years of age at the time of the trial. This was not done by the verdict in this case, although they did find and specify that he should be sent to the reformatory. This they were not authorized to do, unless they first ascertained the fact that he was not over 16 years of age. The statute requires that the jury must find that fact, as well as the other. We believe this contention of appellant is correct, under the express terms of the statute.

The charge of the court is criticised because it fails to define the term "force," and that in defining the term "entry" and authorizing conviction for entering the house, without defining the term "force," it may have authorized a conviction for burglary by simply entering the house, without the necessary force to constitute it burglary. Upon another trial, we call attention to this, and suggest that the definition of force be given.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*