ALLEN PERRY v. THE STATE.

No. 891.    Decided January 11, 1911.

**1.—Assault to Murder—Age of Defendant—Reformatory—Statutes Construed—Verdict.**

Where, upon trial of assault with intent to murder, the defendant was convicted of that offense and his punishment fixed at seven years imprisonment in the penitentiary, Article 1145, Code Criminal Procedure, providing that where the punishment is for a period less than five years and the issue of defendant's nonage is raised that the verdict must find his age, was not applicable, as defendant could not be imprisoned in the reformatory under the punishment assessed. Distinguishing Watson v. State, 49 Texas Crim. Rep., 371; Byrd v. State, 55 Texas Crim. Rep., 390.

**2.—Same—Continuance—Age of Defendant.**

Where defendant was convicted of assault with intent to murder and awarded a punishment of seven years in the penitentiary, there was no error in overruling the motion for new trial for not granting a continuance to prove that the defendant was under the age of 16 years; there being no suggestion of insanity or lack of intelligence of defendant.

**3.—Same—Charge of Court—Intent to Murder.**

Where, upon trial of assault with intent to murder, the court charged the jury that if they believed from the evidence that the defendant believed he was in danger of death or serious bodily injury and that he cut deceased to get loose from him with no intent to kill, a complaint on appeal that the court did not submit this issue was untenable.

**4.—Same—Charge of Court—Reasonable Doubt.**

Where, upon trial of assault with intent to murder the court in his charge,

upon the question of intent to kill, submitted the law of reasonable doubt, and also submitted the same in the general charge on the question of defendant's guilt, there was no error.

Appeal from the District Court of Bastrop. Tried below before the Hon. Ed R. Sinks.

Appeal from a conviction of assault with intent to murder; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—On June 30 of 1910 appellant was convicted in the District Court of Bastrop County on a charge of assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a period of seven years.

While the facts were in dispute, there is sufficient evidence to sustain the verdict and authorize the jury to believe that the attack on the assaulted party was substantially unprovoked, and was under such conditions as to stamp it of a quality of assault with intent to murder. When the case was called appellant made an application for a continuance for want of the testimony of several witnesses. The diligence may be conceded to be sufficient. By some of these witnesses appellant sought to prove that he was at the time of the trial, as well as at the time of the commission of the offense, under the age of sixteen years. By others he desired to prove contradictory statements made by the assaulted party, John N. Swenson, and by others that appellant had a lick on his head showing fresh blood the morning after the difficulty, and that Mr. Swenson had stated on the night of the day he was assaulted that he had been assaulted by Mexicans, and that several Mexicans were first arrested charged with the offense. The case was tried, as stated, on June 30. It appears that the term of court at which he was convicted adjourned on the 13th of July thereafter. In this connection it may be stated further that appellant complains that the verdict did not find his age, which it is claimed was required to be done. Some of these matters, as well as others arising on the record, we will discuss in due order.

1. Article 1145 of our Code of Criminal Procedure is as follows:

"When upon the trial and conviction of any person in this State of a felony it is found by the verdict of the jury the defendant is not more than sixteen years of age, and the verdict of conviction is for confinement for five years or less, the judgment and sentence of the court shall be that the defendant be confined in the house of correction and reformatory instead of the penitentiary for the term of his sentence, and that such defendant be conveyed to the house of

correction and reformatory by the proper authority and there confined for the period of his sentence, and for such service such officer shall be paid the same fees that he would be allowed for conveying such convicts to the penitentiary provided, that the age of the defendant shall not be admitted by . the attorney representing the State, and it shall be proved by full and sufficient evidence that the defendant is not more than sixteen years of age before the judgment herein provided for shall be entered provided, the jury convicting shall say in their verdict whether the convict shall be sent to the penitentiary or to the reformatory."

Under this article it is held in the case of Watson v. State, 49 Texas Crim. Rep., 371, as well as Byrd v. State, 55 Texas Crim. Rep., 399, that where the punishment was for a period of less than five years and where the evidence raised the issue of the defendant being under the age of sixteen years, it is indispensable that the jury should find and state in their verdict what his age was. It will be observed, however, by the terms of the statute above quoted, that persons convicted for a term beyond five years may not be imprisoned in the reformatory. Since in this case the verdict is for seven years, no good and useful purpose could be served by finding his age. There was no contention that he was not of sufficient age and discretion to be amenable to the law for his offense. We think a true construction of the statute is that where it is conceded that one charged with crime is of sufficient discretion and age to be punished therefor, that where the punishment assessed against them exceeds a term of penal servitude beyond five years, that it is not required that the jury should find the age of such person in their verdict.

2. In reference to the continuance, so far as based on the witnesses by whom it is expected to show appellant's age, this can not be held, under the facts here, material. None of these witnesses for whom the application was sought had or claimed to have any knowledge of the facts of the difficulty. Where, as in this case, appellant had testified before the jury, they had opportunity of observing him, and where there was no suggestion of lack of such sanity or intelligence as to not make him subject to punishment, and where the jury have awarded him a punishment in excess of five years, it would seem that the desired testimony in respect to his age was not of sufficient importance to justify or require the court to continue the case.

3. Complaint is made of the charge of the court that it failed to instruct the jury that if they believed that John N. Swenson had his arm around the neck of the deceased, and that appellant believed from his standpoint that Swenson was about to do him serious bodily harm and that he cut him in order to get loose and not with intent to murder him, the said Swenson, then he would not be guilty of assault with intent to murder. The substance of this charge was given to the jury. In the eighth paragraph of the court's charge he instructed the jury as follows: "If you believe from the evidence

that the defendant did, with a knife, cut the said John N. Swenson, and you further believe from the evidence that before he did so the said John N. Swenson did assault him, and that from the manner of such assault the defendant believed that he was in danger of death or serious bodily injury at the hands of the said John N. Swenson, then in that case he had the right to defend himself, and cut the said John N. Swenson, and he would not be required to retreat in order to avoid the necessity, or apparent necessity, of cutting the said John N. Swenson, and if you so find you will return a verdict of not guilty."

4. Again, it is claimed that the court failed to instruct the jury that the reasonable doubt was with appellant on all issues through the case. That if they had a reasonable doubt as to whether appellant intended to kill while being held around the neck by Swenson, if so held, or to get loose from Swenson, then the doubt should be in favor of appellant, and they should acquit him of assault with intent to murder. This phase of the case was covered in paragraph 9 of the court's charge, which is as follows:

"If you believe from the evidence, beyond a reasonable doubt, that the defendant did unlawfully commit an assault upon the said John N. Swenson, but you have a reasonable doubt as to whether such assault was an assault with intent to murder, or an aggravated assault, then you must give the defendant the benefit of the doubt, and in such case, if you find him guilty, you can not find him guilty of a higher grade than aggravated assault."

Again, in the 11th paragraph of the court's charge the jury were instructed as follows:

"The defendant in a criminal case is presumed to be innocent until hs guilt is established by legal evidence beyond a reasonable doubt, and in case you have a reasonable doubt as to the defendant's guilt, you will acquit him, and say by your verdict not guilty."

It has been quite frequently held that where the doctrine of reasonable doubt is applied to the case generally it is sufficient.

A careful inspection of the record has not convinced us that there is any merit in any of the matters relied upon, and finding no error in the proceedings of the court below the judgment is affirmed.

*Affirmed.*

Prendergast, Judge, not sitting.