### EX PARTE SILVERIO MEDRANO.

#### No. 4484.    Decided May 30, 1917.

**Habeas Corpus—Delinquent Child—Statutes Construed.**

Article 1195, Code Criminal Procedure, expressly directs the trial of a juvenile delinquent shall be begun by complaint and information, and where the indictment was dismissed charging the delinquent with a felony on account of his youth and no complaint and information were filed, the judgment declaring the party a delinquent child under the former indictment is void, and on writ of habeas corpus the relator is discharged without prejudice to the State.

From El Paso County.

Habeas corpus proceedings in which relator asks discharge from a conviction under a judgment based upon an indictment for felony, etc.

The opinion states the case.

*W. F. Hendrix,* for relator.—Cited Ex parte Bartee, 76 Texas Crim. Rep., 285, 174 S. W. Rep., 1051; McAllen v. State, 76 Texas Crim. Rep., 353, 174 S. W. Rep., 611; Mills v. State, 77 Texas Crim. Rep., 129, 177 S. W. Rep., 492.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This is an application to this court for a writ of habeas corpus. On a previous day the court ordered the application filed and the cause set down for hearing to determine whether the court would issue the writ and what disposition it would make thereof. It was duly submitted on the day set for its hearing.

Appellant was indicted for burglary. He was shown to be under seventeen years of age upon an investigation on an affidavit filed to that effect and the indictment dismissed. No information or complaint was filed against him thereafter, but by virtue of the same indictment he was in the juvenile court adjudged a delinquent child and his punishment assessed at confinement for not less than two years in the State School for the Training of Juveniles at Gatesville, Texas. The matter is discussed in more detail in Ex parte Ramseur, this day decided.

Article 1195, C. C. P., expressly directs that the trial of a juvenile delinquent shall be begun by complaint and information. The indict-

ment having been dismissed and their having been filed no complaint
and information, the judgment declaring the party a delinquent child
would be void because of the statute mentioned and because of the fun-
damental law.   (Art. 1, sec. 1, of the Constitution.)

It is therefore ordered that the writ be granted and that relator be
discharged from custody and be no longer restrained by reason of this
proceeding.   This order does not preclude holding him on any proper
complaint that may be filed.

*Relator discharged.*