## EX PARTE NELSON RAMSEUR.

No. 4505. Decided May 30, 1917.

**1.—Habeas Corpus—Delinquent Child—Juvenile Docket.**

Where relator was indicted for burglary, and on account of his age, pleaded that he was a juvenile under seventeen years of age, that the prosecution be dismissed and he be tried as a delinquent child, which motion was sustained, and the court thereupon adjudged him guilty of the offense of burglary, and sentenced him to confinement in the Boys' Industrial School for a term of three years, and remanded him to custody, overruling application of relator that he be tried on proper complaint and information, which the court refused, the same was reversible error.

**2.—Same—Rule Stated—Delinquent Child—Practice—Pleading.**

If the court, as in this instance, finds that the party charged with a felony is a male juvenile under seventeen years of age and dismisses the criminal action against him, then it would be improper to further proceed against him as a delinquent under said indictment, as it is essential under the circumstances that the prosecuting officer shall then file a complaint and information alleging that the party is a delinquent and charging wherein he is a delinquent; and where this was not done, the same is reversible error.

**3.—Same—Delinquent Child—Appeal—Habeas Corpus.**

As a delinquent under such circumstances can not appeal, his remedy is by habeas corpus to this court, especially where an indictment is found, and this court will give the proper relief. Following Ex parte Bartee, 174 S. W. Rep., 1057. And no further proceedings having been had below, relator is discharged without prejudice to either party.

From Lee County.

Original habeas corpus proceeding, on application of a delinquent child, who was convicted for burglary under indictment, and sentenced to three years to the Boys' Industrial School.

The opinion states the case.

*E. A. Camp,* for relator.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—This is an application to this court for writ of habeas corpus. On a previous day the court ordered the application filed and the cause set down for hearing, to determine whether the court would issue the writ and if so what disposition it would make thereof. It was duly argued and submitted on the day set for its hearing. The facts are agreed to. In substance, they are that on April 26, 1917, the grand jury of Lee County indicted appellant for burglary, the indictment being in due and regular form, simply charging that appellant committed that offense. He was arrested, gave bond, and when the case was called for trial he properly plead that he was a juvenile under seventeen years of age, and prayed the court that the said criminal prosecution against him be dismissed, and that if tried, he should be proceeded against and tried as a delinquent. The judge heard the testimony on his plea, found as a fact that he was under seventeen years of age, and dismissed the criminal prosecution against him and placed the cause on his juvenile docket. He in the proper time and way objected to the court then trying him as a delinquent under said indictment only, and moved that instead, the proper complaint and information be filed against him, charging him with being a delinquent and that he be tried under articles 1195 to 1206, inclusive, of the Code of Criminal Procedure. His objections and motions were overruled and the court forced him to trial on the indictment only. He then waived a jury and submitted the cause to the district judge. It was agreed that the evidence heard by the judge was amply sufficient to show that he was guilty of burglary beyond a reasonable doubt as charged in said indictment. The judge thereupon adjudged that he "is guilty of the offense of burglary and is a delinquent child under the law and that he be punished as has been determined by the court by confinement in the Boys' Industrial School at Gatesville for a term of three years," and remanded him to the custody of the sheriff of Lee County, Texas, to await the further orders of the court. He is now, and since then has been, under said order of commitment in the custody of the said sheriff.

The said articles of the Code of Criminal Procedure, 1195 to 1206, inclusive, and the time and manner of their enactment and amendment, have been repeatedly stated by this court in the recent cases of Ex parte McDowell, 172 S. W. Rep., 213; McCallen v. State, 76 Texas Crim. Rep., 353, 174 S. W. Rep., 611; and Ex parte Bartee, 76 Texas Crim. Rep., 285, 174 S. W. Rep., 1051; so that it is unnecessary to here again recite or state these matters.

Article 1195 prescribes that when the grand jury indicts a male under seventeen years of age with a felony, he or anyone interested

for him before trial can set up by proper affidavit that he is a juvenile under seventeen years of age and direct the court to hear the testimony, and if he is under such age that the criminal proceedings against him shall be dismissed and that he be proceeded against as a juvenile. Article 1199 prescribes that all proceedings under the delinquent child act shall be begun by sworn complaint and information filed by the county attorney as in other cases under the law, and that in such pleading the act claimed to have been committed by the child shall in a general way be stated as constituting such child a delinquent child; in other words, as we understand the law, if the court, as in this instance, finds that the party charged with a felony is a male juvenile under seventeen years of age and dismisses the criminal action against him then it would be improper to further proceed against him as a delinquent under said indictment, but that it is essential under such circumstances that the prosecuting officer shall then file a complaint and information alleging that the party is a delinquent and charging wherein he is a delinquent. That was not done in this instance. It was the proper, and only proper way to have proceeded against the applicant herein after the court had dismissed the indictment against him. He could be proceeded against in either the District or County Court. Of course, if proceeded against in the District Court, the proper pleading should be preferred by the district attorney if he is present during the term of the court. If he declines to do so, then the county attorney can proceed against him in the County Court, or in the District Court if he and not the district attorney is conducting the proceedings in the District Court. As a delinquent under such circumstances can not appeal, his remedy is by habeas corpus to this court, as was held in said Bartee case, supra. These proceedings against a delinquent, especially after indictment found, are of such a criminal or quasi-criminal nature that this court upon proper showing had power and authority to grant and hear the cause on habeas corpus. Ex parte Bartee, supra, 76 Texas Crim. Rep., 285, 174 S. W. Rep., 1057.

In our opinion, the judgment of the district judge recited above, adjudging appellant guilty of burglary, sentencing him to confinement in the Gatesville school, and remanding him to the custody of the sheriff of Lee County, was without authority and void, and the writ of habeas corpus applied for herein is granted and ordered issued.

The applicant has been held so long now that if no proceedings charging him as a delinquent by proper complaint and information have been filed, it is further ordered that he be discharged from custody by the sheriff of Lee County. This does not prevent the proper authorities from proceeding against him as a delinquent.

There is no other question necessary to be decided or discussed herein. The disposition we have made of this proceeding concludes the cause.

The writ of habeas corpus is granted and ordered issued with instructions.

*Relator discnarged.*