## BENNIE TIPPINS v. THE STATE.

### No. 5532. Decided November 12, 1919.

### Rehearing denied January 14, 1920.

1.—Delinquent Child—Final Judgment—Jurisdiction.

In the absence of a final judgment jurisdiction will not attach to this court; however, the record having been perfected the dismissal heretofore entered is set aside.

2.—Same—Continuance—Bill of Exceptions.

In the absence of a bill of exceptions, the action of the court in overruling a motion for continuance cannot be reviewed on appeal. Following: Nelson v. State, 1 Texas Crim. App., 44, and other cases.

3.—Same—Complaint—Negro Race—Place of Confinement—Judgment.

Where it was urged on proceedings against a delinquent child that the complaint should have alleged that defendant was a negro, for the reason that a separate place of confinement is provided for negro delinquents, the same is untenable; besides, the judgment could have been corrected either upon trial or appeal.

4.—Same—Rehearing—Aggravated Assault—Minor.

Where appellant contended that the facts would not bring the offense within any of the subdivisions of the statute defining aggravated assault, he being a minor, would not avail him, because if he had violated any laws of the State he was subject to the delinquent child Act, and where the evidence showed that appellant made an assault upon a female child calculated to inflict shame and disgrace, the same constituted a violation of the criminal laws of the State, and authorized the judgment from which this appeal was taken. Distinguishing: Miller v. State, 67 Texas Crim. Rep., 654, 150 S. W. Rep.,635.

5.—Same—Juvenile Law—Delinquent Child Act.

The delinquent child Act has been upheld in many of its provisions, and while it stands unchanged the courts must enforce it as they find it; and the matter of change is a legislative and not a judicial question. Following: Ex parte McLoud, 82 Texas Crim. Rep., 299, 200 S. W. Rep., 394.

Appeal from the County Court of Tarrant. Tried below before the Hon. Hugh L. Small, judge.

Appeal from a conviction of assault with intent to rape; penalty, two years and six months imprisonment in the State Training School for Boys.

The opinion states the case.

*Dee Estes, and Gillespie* & Pritchard, for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of sufficiency of the evidence: Hawkins v. State, 27 Texas Crim. Rep., 273; McCormick v. State, 52 Texas Crim. Rep., 493; Munger v. State, 57 id., 384.

MORROW, JUDGE.—The appellant was tried as a delinquent child, was found guilty by a jury, filed a motion for a new trial, which was overruled, and notice of appeal given. We fail to find in the record any judgment on the verdict of the jury, or any order of the court directing the disposition to be made of the appellant. In this state of the record, we think we are without jurisdiction to entertain the appeal. This is a criminal proceeding. See Art. 1197, title 17 as amended in the Acts of the Thirty-fifth Legislature, Fourth Called Session, Chapter 26. The requisite of a judgment sufficient to support an appeal will be found in Vernon's Texas Criminal Statutes, vol. 2, title 9, chapter 3, p. 847.

Because of the absence of the final judgment, the appeal is dismissed.

*Dismissed.*

ON REHEARING.

November 26, 1919.

MORROW, JUDGE.—The record having been prefected, the dismissal heretofore entered is set aside.

The appellant was charged by complaint and information to be a delinquent chid, the specific facts upon which the allegation was based being that he had violated the laws of the State by making an assault with intent to rape upon a female named in the complaint and information. The evidence, while quite conflicting, is sufficient to show an aggravated assault, if not one of higher grade. A motion for continuance was made to secure the attendance of a witness. No bill of exceptions having been reserved complaining of the action of the court in overruling the motion for continuance, and disclosing the reasons upon which the action was based, the question is not in shape for review. Nelson v. State 1 Texas Crim. App., 44; and other cases listed in Branch's Annotated Texas Penal Code, p. 183, sec. 304. It is urged that the complaint should have alleged that the appellant was a negro, for the reason that a separate place of confinement is provided for negro delinquents. The contention is not meritorious. If the proper place of confinement should not be designated in the judgment, it could be corrected upon motion for a new trial or on appeal. The law, however, does not require that the complaint should state whether the accused is white or black. See Code of Criminal Procedure, title 17; Vernon's Criminal Statutes, vol. 2, p. 986; Acts 34th Legislature, 4th Called Session, chap. 26.

The motion for rehearing is granted, and the cause reinstated and considered on its merits; and no error appearing in the record the judgment is affirmed.

*Affirmed.*

ON REHEARING.

### January 14, 1920.

MORROW, JUDGE.—The contention that the facts wourd not bring the offense within any of the sub-divisions of the statute defining aggravated assault, the appellant being a minor, if sound which we question (Hand v. State, not yet reported) would not avail the appellant. The prosecution in Miller v. State 67 Texas Crim. Rep., 654, 150 S. W. Rep., 635, to which we are referred, was not one under the statute pertaining to juvenile delinquents. The Delinquent Child Act makes one subject to its terms who is under seventeen years of age, and who "violates any law of the State." See Art. 1197, Code of Crim. Procedure, as amended in the Acts of the Thirty-Fifth Legislature, Fourth Called Session, Chap. 26, p. 43.

The conviction in the instant case involves the finding by the trial court that the appellant made an assault upon a female child calculated to inflict shame and disgrace. Whether that assault be an aggravated one or a simple assault, it comes within the statute because it constitutes a violation of the criminal laws of the State, and authorized the trial court to render the judgment from which this appeal was taken. Doubtless there are provisions of the juvenile law which ought to be changed. Whether it shall be done or not is a legislative and not a judicial question. The Delinquent Child Act has been upheld in many of its provisions, and while it stands unchanged the courts must enforce it as they find it. See Ex parte McLoud, 82 Texas Crim. Rep., 299, 200 S. W. Rep., 394; Ex parte Pruitt, 82 Texas Crim. Rep., 394, 200 S. W. Rep., 392; Ex parte Ellis, 82 Texas Crim. Rep., 641, 200 S. W. Rep., 840; Miller v. State, 82 Texas Crim. Rep., 495, 200 S. W. Rep., 389; McLarin v. State, 82 Texas Crim. Rep., 449, 199 S. W. Rep., 811; id., 85 Texas Crim. Rep., 31, 209 S. W. Rep., 669.

The motion for rehearing is overruled.

*Overruled.*