MORRIS GORDON v. THE STATE.

No. 5980.   Decided November 24, 1920.

Rehearing denied March 23, 1921.

**1.—Delinquent Child—Juvenile—Information—Motion in Arrest too Late.**

Where the information and complaint contained seven counts, and in the first count charged the appellant was under seventeen years of age, which was not alleged in the other six counts, each of which charged a felony, they were not effective under the juvenile Act, but inasmuch as no motion to quash was filed, a motion in arrest of judgment on account of this defect in the information comes too late and the presumption is that the court acted correctly in applying the facts to the proper count under which a conviction could be obtained.

**2.—Same—Rehearing—Validity of the Statute—Precedent.**

Where upon motion for rehearing appellant attacked the validity of the statute on the ground that the law defining delinquent and incorrigible children is vague, etc., and cannot be understood, such contention cannot be sustained and has many times been decided against appellant.   Following Ex parte McLoud, 82 Texas Crim. Rep., 299, and other cases

**3.—Same—Trial by Jury—Statute Construed—Representation by Counsel.**

The contention in appellant's motion for rehearing that the law with respect to delinquent children is unconstitutional because it deprives the defendant of a trial· by jury and representation by counsel is refuted by

the law itself, which provides for trial by jury, and also that defendant may be heard by counsel.

### 4.—Same—Suspended Sentence—Practice in Trial Court—Notice—Presumption.

Where, appellant complained in his motion for rehearing that there was no notice given to his parents or those in legal custody of said defendant, etc.; that he was denied the right of suspension of sentence, etc., it will be presumed, in the absence of bills of exception, to any of the matters now complained of, that the trial judge did his duty and gave proper notice, etc., and that defendant waived the other matters complained of.

Appeal from the Criminal District Court of Bowie.  Tried below before the Honorable P. A. Turner.

Appeal from a conviction of a juvenile; penalty, not less than two nor more than five years in the State Training School at Gatesville.

The opinion states the case.

*W. W. Arnold*, for appellant.

*C. M. Cureton*, Attorney General, and *Wallace Hawkins,* Assistant Attorney General, and *Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited cases in the opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted as a juvenile and sent to the reformatory at Gatesville.

The record is before us without a statement of facts or bills of exception.  The information and complaint contained seven counts.  The first count seems to be in proper form, charging appellant with being under seventeen years of age.  The other six counts do not show nor allege that he is under seventeen years of age.  Each count charges a felony.  They were, therefore ineffective under the juvenile Act in charging felonies in a complaint and information without specifying that the party against whom these charges were filed was under seventeen years of age.  There was no motion to quash, and no steps taken in regard to this matter until after the judgment was rendered, when a motion in arrest of judgment was filed.  This was overruled.  We are of opinion that this comes too late.  The court was without jurisdiction to try felonies on a complaint and information, and under the juvenile law the exception to the above statement is found in the fact that the boy was under seventeen years of age, and, therefore, he could be charged and convicted as a juvenile for that reason, otherwise only the District Court would have jurisdiction to try the case as in ordinary felony cases.  It seems that each count in the complaint and information charges a separate and distinct offense, so far as the pleadings are concerned, not growing out of the same transaction.  Felonies and misdemeanors can not be joined in the same count, but under the decisions a motion in arrest of judgment would some too late, and in passing upon this case, in aid of the presumption that the court was cor-

rect in his judgment, it will be sustained on the theory that the evidence supported the first count in the information, which charges that appellant was under seventeen years of age, and the presumption would be that the court acted correctly in applying the facts to the proper count under which a conviction could be obtained.

As the record presents the case we are of opinion the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*

ON REHEARING.

March 23, 1921.

HAWKINS, JUDGE.—This case was affirmed on November 24, 1920 in an opinion by the late Presiding Judge Davidson.    Appellant through his counsel filed a motion for rehearing, the first ground of which is "that the law defining delinquent and incorrigible children is in its terms so vague, incongruous and unintelligible, and so indefinitely framed that it is doubtful of construction and cannot be understood."    Practically the same attack has been made upon this law many times before, and has been decided against appellant's contention. Aikins v. State, 49 Texas Crim. Rep., 299, 91 S. W. Rep., 790; Watson v. State, 49 Texas Crim. Rep., 371, 92 S. W. Rep., 807; Bates v. State, 50 Texas Crim. Rep., 568, 99 S. W. Rep., 551; Byrd v. State, 55 Texas Crim. Rep., 390, 116 S. W. Rep., 1146; Perry v. State, 61 Texas Crim. Rep., 21, 133 S. W. Rep., 685; Ragsdale v. State, 61 Texas Crim. Rep., 145, 134 S. W. Rep., 234; Ex Parte Ramseur, 81 Texas Crim. Rep., 413, 195 S. W. Rep., 864; Ex Parte Medrano, 81 Texas Crim. Rep., 388, 195 S. W. Rep., 865; McLaren v. State, 82 Texas Crim. Rep., 499, 199 S. W. Rep., 811; McCallan v. State, 76 Texas Crim. Rep., 353, 174 S. W. Rep., 389; Ex Parte Pruitt, 82 Texas Crim. Rep., 394, 200 S. W. Rep., 392; Ex Parte McLoud, 82 Texas Crim. Rep., 299, 200 S. W. Rep., 394.

In his second ground of motion for rehearing appellant attacks the delinquent child law because he says, it violates, or is not in keeping with, the fundamental rights guaranteed to the accused, of trial by jury, and the right to be heard by counsel.    Reference to the law itself will show this contention to be without foundation.    Article 1198, Vernon's C. C. P.    "In all trials under this Act, any person interested therein may demand a jury."    If no counsel appears for the child, Article 1200, Vernon's C. C. P. provides "The court may appoint counsel to appear and defend on behalf of such child."

Appellant, by his attorney, further urges that a rehearing be granted because, (A), there was no notice given to his parents or those in legal custody of said infant; (B) and the court did not appoint a legal representative to act for him in the trial of said cause; and, (C), he had no voice in defense of himself; (D) he was denied the right of the

provision of the law in reference to his suspension of sentence; (E). and was denied the right of trial by jury to hear testimony and consider it; (F), that his application for suspension of sentence was wholly ignored by the court. The several matters last complained of present questions of fact incident to procedure on the trial, and this court is bound to determine them from the record before us, and upon the presumptions as to the regularity of judgments. Not a single bill of exceptions to any of the matters now complained of appear in the record, and they are not presented in any other such way that this court can consider them. The record does not affirmatively show that notice was given to the parents or those in legal custody of appellant; but in the absence of a bill of exceptions showing it was not given, we must presume that the judge did his duty, and gave the notice. The same is true with reference to counsel for appellant. The record shows that a motion for new trial was filed by counsel the day after conviction, and in the absence of a showing to the contrary, we will presume that counsel represented him either by selection of himself or parents, or that the court appointed counsel for him. The judgment was rendered in this case on May 24, 1920; an application for suspension of sentence was filed on January 23, 1920, four months previous. The application for suspended sentence could have been waived and likewise trial by jury; and in the absence of showing to the contrary we will presume all this was done, and that the judgment, which on its face, is regular, was properly entered.

Finding nothing which would justify us in disturbing the prior affirmance of this case, the appellant's motion for rehearing is overruled.

*Overruled.*