## George W. Brown v. The State.

No. 8778.  Delivered January 28, 1925.

No motion for rehearing filed.

Robbery—Trial of Juvenile—Practice.

On July 18, 1923, an indictment was returned against appellant, charging him with robbery. The judge after hearing the evidence found him to be a juvenile. Under the provisions of Art. 1195, C. C. P. it was the special province of the judge to determine whether appellant was a juvenile. Roberson v. State, 92 Tex. Crim. Rep. 350, 243 S. W. 1098. Having judicially determined that appellant was a juvenile, the court should have dismissed the felony indictment against him, as also required by Art. 1195, and proceeded against him as a delinquent, by complaint and information, as provided in Art. 1199 C. C. P. Not having done so, the judgment herein is unsupported. See par. 4 of Art. 1197, as amended by the 4th C. S. of the 35 Leg. in Chap. 26.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction of robbery (as a juvenile) ; penalty, one year in State Training School for Negro Boys.

*Ben L. Cox,* of Abilene, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Appeal is from a judgment condemning appellant to be guilty of robbery and assessing his punishment at one year in the State Training School for Boys.

Upon the 18th day of July, 1923, an indictment was returned against appellant charging him with robbery. The judge, after hearing the evidence, found him to be a juvenile, and ordered that he be tried as a juvenile in that court sitting as a Juvenile Court. This order as it appears in the transcript bears no date. At the January term, 1924, of said court appellant was put to trial upon the indictment, the judge charging the jury if they should convict him and find that he was then under 17 years of age they should assess his punishment at confinement in the State Training School for Negro Boys for any term of years not exceeding the time when he should have attained the age of 21 years. The jury found him guilty of robbery, also found him to then be a juvenile, and fixed his punishment at one year in the State Training School for Negro Boys. The judgment condemns him as a felon, and follows the verdict as to punishment. No objection to the procedure was entered during the trial, and no exceptions were made to the court's charge. For the first time objection to the procedure and judgment was interposed on motion for new trial.

Under the provision of Art. 1195, C. C. P., it was the special province of the judge to determine whether appellant was a juvenile. (Robertson v. State, 92 Texas Crim. Rep., 350, 243 S. W. 1098, and authorities therein cited; Valdez v. State, 265 S. W. 161). Having judicially determined that appellant was a juvenile the court should have dismissed the felony indictment against him as also required by said Art. 1195, and proceeded against him as a delinquent by complaint and information as provided in Art. 1199, C. C. P. It has been held that where one is condemned as a delinquent under the original felony indictment, and sent to the Juvenile Training School he is entitled to liberation under *habeas corpus* proceedings. Ex parte Ramseur, 81 Texas Crim. Rep., 413, 195 S. W. 864; Ex parte Medrano, 81 Texas Crim. Rep., 388, 195 S. W. 865; Ex parte Ellis, 82 Texas Crim. Rep., 641, 200 S. W. 840. If *habeas corpus* is available to one convicted as a juvenile delinquent under such original indictment, and in the absence of complaint and information, it would seem that advantage might be taken of such procedure upon motion for new trial though no objection was urged until then. While the judgment condemns appellant to be guilty of robbery, and a felon by reason thereof, the further finding that he was a juvenile and sentencing him to the training schol, has the legal effect of condemning him as a delinquent juvenile based upon the robbery charge. All prosecutions for delinquency arising from felony charges must be based upon complaint and information and in absence thereof a judgment therefor is unsupported. That such holding is a correct interpretation of the statute seems to be borne out by paragraph 4 of Article 1197, as amended by the 4th C. S. of the 35th Legislature, in Chapter 26. The paragraph referred to reads as follows:

"If a prosecution for *misdemeanor* is filed against a male under 17 years of age, or female under 18 years of age, the defendant or other person as named in Article 1195, may file affidavit, setting up her or his age, and on proof of such fact the prosecution shall be maintained against the defendant as a juvenile delinquent, *without new charge.*"

It appears clearly from the language just quoted that it was not the purpose of the Legislature to permit a juvenile to be proceeded against as a delinquent under a felony indictment, but that such proceeding might be had upon the original complaint and information in misdemeanor charges only.

By Chapter 7, page 57, Acts 1917, 3d C. S., the Legislature established a separate training school for negro boys, and provided for the transfer thereto of those who were then in the general training school for boys at Gatesville. Section 3 of said Act reads:

"Hereafter all negro male persons under the age of seventeen (17) years, who shall be convicted of a felony or other delinquency, in any court within this State, unless his sentence be suspended as provided

by law, or otherwise disposed of, or unless by reason of the length of the term for which he is sentenced, he is required under the law to be confined in the State Penitentiary, shall be confined in the State Training School for Negro Boys."

We think this must have misled the learned trial judge. It cannot be held that the Legislature intended to repeal the procedure as to juvenile delinquents by such act, nor to have intended to lay down one procedure for boys of one race and another procedure for those of another race.

For the reasons stated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*