## WAINWRIGHT FLANAGAN v. THE STATE.

No. 18586. Delivered November 18, 1936.
State's Rehearing Granted January 13, 1937.

The opinion states the case.

*G. deGraffenried,* of Marshall, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant was convicted of possessing for the purpose of sale spirituous intoxicating liquor in prohibited territory. In the record before us we find that the penalty assessed against appellant by the court was sixty days' confinement in the county jail and a fine of one hundred dollars, but apparently no judgment was ever entered. If so, by oversight, it is not brought forward in the transcript. The record must contain a judgment in order to give the appellate

court jurisdiction. 4 Tex. Jur., page 171, Tippins v. State, 86 Texas Crim. Rep., 205, 217 S. W., 380, and other authorities annotated in Tex. Jur. as above indicated.

The judgment is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—The State has filed a motion for rehearing pointing out that a judgment was properly entered by the court below, but inadvertently omitted from the original transcript. The judgment has been brought forward.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The State's motion for rehearing is granted, the judgment of reversal is set aside and the judgment of the trial court is now affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.