**Bennie Lee GILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0837–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 16, 1982.

Lynn Shepherd, Houston, for appellant.
Richard Mason, Houston, for appellee.

Before PRICE, WARREN and DOYLE, JJ.

OPINION

PRICE, Justice.

This is an appeal from a conviction for the felony offense of robbery. The jury

assessed punishment at fifteen years confinement and a fine of $10,000.00.

On August 7, 1981, Angela Capetillo, 76, was waiting at a bus stop in downtown Houston. She was carrying her purse containing some clothes. Somebody from behind began pulling her purse and squeezing her arm. As the purse was pulled free, Mrs. Capetillo fell to the ground, injuring her knees. After she fell down, the person ran off with the purse and was pursued by some unknown witnesses. As the assailant was running away, he dropped the purse and it was retrieved and returned to the complainant by an unknown witness. The police were called, the appellant was soon arrested, and Mrs. Capetillo was taken to Fannin street where she identified the appellant as the "colored man" who took her purse. Mrs. Capetillo further positively identified the appellant at trial as the person who took her purse and knocked her to the ground.

■ The appellant contends, in his first ground of error, that the evidence is insufficient to prove, by a preponderance of the evidence, that the offense occurred in Harris County, Texas. Venue was never questioned during the trial prior to the verdict being received. The issue was raised for the first time by the appellant in his motion for new trial. Article 40.03, V.A.C.C.P., does not recognize the question of venue as a ground for new trial when raised for the first time in such a motion.

■ Under the provisions of Article 44.-24(a), V.A.C.C.P., the court of appeals will presume that venue was proved in the court below unless it was made an issue during trial. *Clark v. State,* 558 S.W.2d 887 (Tex. Cr.App.1977).

Further, we note that the record reflects that Mrs. Capetillo was waiting at a bus stop in front of Kress' department store in downtown Houston. The arresting officer was employed as a City of Houston police officer when the offense occurred. He worked the downtown Houston area and was flagged down by several unnamed individuals in the vicinity of Main and Capitol.

He observed the appellant crossing the intersection at Fannin and Capitol and arrested him entering a vehicle parked along the west curb of Fannin. After arresting the appellant, the officer transported him to the police station in Harris County, Texas.

■ Venue need only be proved by a preponderance of the evidence, (Article 13.-17, V.A.C.C.P.), and may be established by circumstantial evidence as well as direct evidence. *King v. State,* 166 Tex.Cr.R. 231, 312 S.W.2d 501 (Tex.Cr.App.1958). The evidence was sufficient for the jury to conclude that the offense occurred in Harris County. We overrule the first ground of error.

■ Appellant next contends that the prosecution committed reversible error by commenting on the appellant's right to a jury trial during closing argument. Specifically the appellant complains that it was improper for the prosecutor, during the punishment phase, to argue, "I can't imagine anything worse than a man who has the nerve to come here and look you in the face." Appellant did not object to this statement; therefore, nothing is presented for review. *Sanchez v. State,* 589 S.W.2d 422 (Tex.Cr.App.1979). *Wilder v. State,* 558 S.W.2d 883 (Tex.Cr.App.1977); *Campbell v. State,* 525 S.W.2d 4 (Tex.Cr.App.1975).

■ In his final ground of error, the appellant contends that the trial court committed reversible error by allowing two void misdemeanor judgments to be used by the State during the punishment phase. He maintains that both of the misdemeanor convictions were void because he had not expressly waived his right to a jury trial.

These matters, complained of for the first time on appeal, present questions of fact incident to procedures that occurred during the trials of the misdemeanor cases, and this court is bound to determine them from the record before us and upon the presumption as to the regularity of the judgments. *Gordon v. State,* 89 Tex.Cr.R. 59, 228 S.W. 1095 (Tex.Cr.App.1920).

The only evidence before us, on the issue of jury waiver in the misdemeanor convic-

tions, are the two judgments from those cases that were introduced at the punishment phase before the trial court in the instant case. The remainder of the record is completely devoid of any other evidence either showing the absence of such waiver or that the matter was brought to the trial court's attention.

The questioned judgments recite, in printed form, that, "no jury having been demanded, trial proceeded before the Court...." While we recognize that this recitation is not evidence of an express waiver, it does not render the judgment void on its face.

In absence of any showing to the contrary, we will presume that the appellant properly waived a jury in the trials of his misdemeanor cases and that the judgments that are regular on their faces were properly entered.

The appellant's third ground of error is overruled.

The appellant has filed two pro se briefs alleging, as grounds, ineffective assistance of counsel. We have examined his pro se grounds and find no basis upon which such grounds should be considered in the interest of justice.

The conviction is affirmed.