### LeRoy Miller v. The State.

No. 4628.    Decided November 21, 1917.

Rehearing granted January 16, 1918.

**1.—Delinquent Child—Juvenile—Information—Statutes Construed.**

Articles 1195 to 1207b, inclusive, 2nd Vernon's Crim. Stats., are not void under article 6, P. C., and an information in regular form thereunder is sufficient.

**2.—Same—Charge of Court—Reforming Judgment—Penalty—Name of Institution.**

Where, upon trial of a delinquent child for petty theft, the judgment of the lower court was for a period not exceeding five years, according to the instructions of the court, the same will be reformed to conform to the statute under article 938, C. C. P., and which will also state the correct name of the institution at Gatesville providing for the training of male juveniles.

**3.—Same—Evidence—Moral Turpitude—Practice in County Court.**

Upon trial of petty theft of a juvenile in the County Court, it was error to admit in evidence impeaching testimony of the defendant to the effect that he had been convicted of theft, when he had not placed his reputation in issue, although this might have been done after defendant had testified, and placed his reputation in issue.

**4.—Same—Appeal—Habeas Corpus—Practice on Appeal—Criminal Case.**

A prosecution and conviction under our delinquent child statutes is a criminal and not a civil case, and from a conviction thereunder an appeal lies directly to this court and not a writ of habeas corpus, and such writs will be denied hereafter and accused required to resort to his remedy of appeal. Following Pruitt v. State, recently decided, and other cases. Distinguishing Ex parte Bartee, 76 Texas Crim. Rep., 285, and other cases.

**5.—Same—Age of Defendant—Discretion—Juvenile.**

Where, upon trial of a juvenile, who was only ten or eleven years of age, there was no proof in the record on appeal that he had discretion sufficient to understand the illegality of the several acts to constitute the offense against him, the judgment must be reversed and the cause remanded. See article 34, P. C.

Appeal from the County Court of Guadalupe. Tried below before the Hon. J. B. Williams.

Appeal from a conviction of petty theft; penalty, five years confinement in the juvenile training school.

The opinion states the case.

*H. E. Short* and *Jas. Greenwood,* for appellant.

On question of reforming judgment: Ex parte Creel, 16 S. W. Rep., 256; O'Bryan v. State, 11 id., 443; Haney v. State, 2 Texas Crim. App., 504.

On question of invalidity of a statute: McCallen v. State, 76 Texas Crim. Rep., 353, 174 S. W. Rep., 611.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—The information herein, which was based on a proper complaint, after the formal parts, which were regular, alleged that: "On or about the 23rd day of April, A. D. 1917, in the said County of Guadalupe and State of Texas, one LeRoy Miller, a male child under the age of seventeen years, did then and there unlawfully by force, fraud and threats break and enter a house occupied by Geo. J. Kempen, with the intent then and there to fraudulently take corporeal personal property belonging to said Geo. J. Kempen therein stated, without the consent of the said Geo. J. Kempen and with the intent to appropriate it to the use and benefit of him, the said LeRoy Miller, and with the intent to deprive the said Geo. J. Kempen of the value thereof; said act constituting said child a delinquent child.

"And the said LeRoy Miller on or about the 23rd day of April, A. D. 1917, in the said county and State aforesaid, then and there being a male child under the age of seventeen years, did then and there fraudulently take from the possession of Leo Boyle one bicycle of the value of fifteen dollars, the same being the corporeal personal property of the said Leo Boyle, without the consent of the said Leo Boyle, with the intent to deprive the said Leo Boyle of the value thereof and with the intent to appropriate it to the use and benefit of him, the said LeRoy Miller; said act constituting said child a delinquent child. And the said LeRoy Miller on or about the 23rd day of April, A. D. 1917, in the said county and State aforesaid, then and there being a male child under the age of seventeen years, did then and there unlawfully by force, fraud and threats break and enter a house occupied by Will Dibrell with the intent then and there to fraudulently take corporeal personal property belonging to said Will Dibrell and situated in the said house without the consent of the said Will Dibrell, and with the intent to deprive the said Will Dibrell of the value thereof and with the intent to appropriate the same to the use and benefit of him, the said LeRoy Miller; said act constituting said child a delinquent child; and E. Schweppe, county attorney for said county, presents to said court that the said LeRoy Miller then and there being a male child under the age of seventeen years, was then and there a child who violated the laws of the State of Texas, by committing petty thefts and violated the city ordinances of the city of Seguin, Texas, by wandering about the streets after 9 o'clock p. m. during the night-time, and the said LeRoy Miller was then and there a male child under the age of seventeen years, who is incorrigible by failing and refusing to obey his parent and persons who had control over his person and acts, and failing and refusing to

attend school and by disobeying his teachers; said acts constituting said child a delinquent child."

The court did not err in overruling appellant's motion to quash this information on the grounds: (1) because the juvenile laws are unintelligible and not operative, and in violation of article 6, Penal Code; (2) because the information is duplicitous and charges felonies and misdemeanors; (3) and because the juvenile laws do not provide any intelligent mode of procedure whereby a delinquent child can be legally tried, and any trial thereunder is a farce.

It has all the time, and in many cases, been held that said laws—articles 1195 to 1207b, inclusive (2 Vernon's Crim. Stats.)—are not void under article 6, Penal Code.

The proof shows appellant was only ten or eleven years old when tried. Article 1197, Code of Criminal Procedure, defines who is a delinquent child and what acts he commits make him such. The different counts in said information allege the commission of the several acts which made appellant a delinquent child. None of them charge him with a felony because of his age. Article 1195 requires the proceeding to be begun on complaint and information, which is as was done herein.

The testimony of the State was ample to show he had committed the acts alleged, which authorized the jury to find him to be a delinquent.

The court in charging the jury told them the law provides that a "delinquent child may be committed to the State Juvenile Training School for an indeterminate period not exceeding five years"; and if they believed from the evidence beyond a reasonable doubt he had committed the acts alleged, or any of them, "you will find him a delinquent child and order him committed to" said school "for an indeterminate period not exceeding five years."

The court was in error in telling the jury they could have him committed "not exceeding five years." The law is for a time not beyond a time when he shall arrive at twenty-one years of age. But appellant made no objection before the trial was concluded, and as the charge in this respect was in his favor, this charge presents no error.

The verdict was: "We the jury find the defendant, LeRoy Miller, a delinquent and have him committed to the Juvenile Training School for a term of five years." Upon this verdict the court entered a judgment, "that the defendant, LeRoy Miller, be and is hereby adjudged a delinquent child and that he be placed in charge of the sheriff, who shall forthwith commit him to the State Industrial School for Boys for a term of five years."

The appellant complains that the judgment entered did not conform to the verdict nor the law in that it was not for an indeterminate time. He concedes that while in some cases this court has reformed and affirmed a judgment that it can not do so in this instance. We think

that this court can reform this judgment under the statute and decisions. Art. 938, C. C. P., and decisions thereunder. The judgment herein will be reformed by this court so as to conform to the verdict in the particulars named.

The name of the school or institution at Gatesville has been changed from time to time by statute. There can be no doubt from the charge of the court, verdict and judgment that the institution at Gatesville, providing for the training of male juveniles, was meant and intended so that while therein said institution is called the "Juvenile Training School" that would be no ground for a reversal of the judgment herein. Such calling would undoubtedly be embraced within the said juvenile statute.

Appellant has only one bill of exception which is to the effect that the court permitted this testimony by Wm. Neubauer to be given over his objections, viz: "I have had the defendant, LeRoy Miller, in jail several times for petty theft. He has been convicted for stealing several times. I do not remember when these cases were tried or any of the facts connected with them. I do not know of my own knowledge that he ever stole anything." Appellant's objections were that it was not the best evidence of these convictions, that the record thereof would be the best evidence; and that it was hearsay. This testimony did not purport to be, and was not, the contents of any record of a previous prosecution of appellant. It was not hearsay because the witness was sheriff and testified he knew as a fact that appellant had been in jail several times for petty theft. He also knew as a fact that he had been convicted of stealing several times, although he knew nothing personally of the thefts themselves. It has all the time, and in a great number of cases been held that a defendant or any witness may be impeached by proving by him that he had been indicted or convicted for a felony or a misdemeanor involving moral turpitude; that for that purpose it was unnecessary to produce and introduce the judgment of conviction. 1 Branch's P. C., sec. 167, and cases cited. This principle and these authorities are applicable herein by analogy.

The clerk of this court will enter a judgment reforming the judgment of the court below and adjudging the appellant a delinquent child, and that he be confined in the State institution for the training of male juveniles for an indeterminate period not to exceed five years from the date of his said conviction, and as so reformed the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

January 16, 1918.

PRENDERGAST, Judge.—There have been quite a number of cases arising under our delinquent child and juvenile statutes before this court. Various phases of the statutes have been discussed and determined. This is the first case where a direct appeal from a trial and

conviction of an accused as a delinquent child has been brought to this court. The other cases have been where this court granted an original habeas corpus or entertained an appeal from a trial below on a habeas corpus. The reason for entertaining this direct appeal was not discussed in the original opinion. Perhaps it should have been. We take occasion to do so briefly at this time.

Unfortunately, as this writer believes, the decisions of this court on these matters have not been uniform but somewhat conflicting, it seems, rendering the law and its enforcement more complicated and uncertain than some claim the statute itself to be.

At the time this case was under consideration and consultation there were several other cases involving our delinquent child and juvenile statutes law also under consideration and consultation. Among them were No. 4591, Ex parte Ethel McCloud from Harris, and No. 4652, Ex parte Walter Pruitt from Menard, counties. While the opinion in this and other cases were handed down on different dates they were all at the time considered together.

It has been uniformly and many times held both by this court and our civil courts that this court has no jurisdiction by habeas corpus or appeal therefrom, or otherwise, to inquire into or determine the restraint and custody of a minor who is so restrained or in custody under an order of any probate court or District Court in divorce proceedings or any person adjudged insane; that all such matters are exclusively civil and the civil courts alone have jurisdiction to determine and adjudge all such questions. Ex parte Reed, 34 Texas Crim. Rep., 9, 28 S. W. Rep., 689; Ex parte Berry et al., 34 Texas Crim. Rep., 36, 28 S. W. Rep., 806; Legate v. Legate, 87 Texas, 248, 28 S. W. Rep., 281; Telschek v. Fritsch, 38 Texas Crim. Rep., 43, 40 S. W. Rep., 988; Ex parte Calvin, 40 Texas Crim. Rep., 84, 48 S. W. Rep., 518; State ex rel. Wood v. Deaton, 95 Texas, 243, 54 S. W. Rep., 901; Rice v. Rice, 24 Texas Civ. App., 506, 59 S. W. Rep., 941; Ex parte Reeves, 100 Texas, 617, 103 S. W. Rep., 478; Pittman v. Byars, 51 Texas Civ. App., 83, 112 S. W. Rep., 102; Ex parte Fuller, 123 S. W. Rep., 204; Finney v. Walker, 144 S. W. Rep., 679; Hall v. Whipple, 145 S. W. Rep., 308; Ex parte Singleton, 72 Texas Crim. Rep., 122.

In Ex parte McDowell, 76 Texas Crim. Rep., 1, it was held by this court, in substance and effect, that a prosecution and conviction as a delinquent child under our delinquent child statutes was a criminal proceeding and not a civil, and that in the event a child thereunder was illegally restrained of his liberty the writ of habeas corpus was available to him in the criminal courts. In Ex parte Bartee, 76 Texas Crim. Rep., 285, Bartee had been adjudged a delinquent child, his offense being a misdemeanor, ordered restrained in the industrial school for boys at Gatesville, confined therein and escaped therefrom. On being arrested because of his escape to be returned by the officer to said Gatesville school under said conviction he sued out a writ of habeas

corpus before the district judge, who, upon hearing, remanded him to custody, from which he appealed to this court. In that case this court held that a conviction under said statute was not for a criminal offense and that such proceeding was in the nature, if not entirely, a probate proceeding only. However, in that case this court entertained jurisdiction of that appeal. It could not have done so if the proceeding had been a civil case only. It was by reason of the fact that it was criminal in its nature that this court could and did entertain jurisdiction. Again, in that case it was held, in passing on the authorities cited by the Assistant Attorney General from other States, that "we do not think an appeal would lie to this court from a trial adjudging one a delinquent child, but that on habeas corpus an appeal would lie, or we would have authority to issue an original writ to determine whether or not one had been tried in accordance with the provisions of this law, and whether or not one was illegally restrained of his liberty." There was, therefore, a seeming, if not a real, conflict between the holdings in the McDowell and Bartee cases.

In reviewing these and other cases and our statutes on the subject of a delinquent child in said Walter Pruitt case, 200 S. W. Rep., 392, and said Ex parte McLoud, 82 Texas Crim. Rep., 299, it was in substance and effect held that a prosecution and conviction under said delinquent child statutes was a criminal proceeding and in the McCloud case it was expressly held that an appeal from a conviction under said statute would lie directly to this court. So that this writer, in writing the original opinion herein, without discussing the matter, followed the holding of his associates in said cases and acted thereon.

It may, therefore, be regarded as settled now by this court:

1. That a prosecution and conviction under our delinquent statutes is a criminal, and not a civil, case.

2. That an appeal lies from a conviction thereunder directly to this court and that for any claimed error in such trial an appeal should be resorted to and not a writ of habeas corpus.

3. That after a reasonable time from the publication of this decision an original application to this court for a habeas corpus will be denied and the accused required to resort to his remedy of appeal.

Now we come to discuss the questions raised by the motion for rehearing herein. For the first time in his motion and argument for rehearing he calls our attention to article 34, Penal Code, which is: "No person shall in any case be convicted of any offense committed before he was of the age of nine years, except perjury, and for that only when it shall appear by proof that he had sufficient discretion to understand the nature and obligation of an oath; nor of any other offense committed between the years of nine and thirteen, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense."

This not only escaped our attention in the consideration of the case,

but it must also have escaped the attention of the trial court and the attorneys on both sides, and it was only suggested, as stated, at this late hour. However, it goes to the very foundation of the .conviction. The accused herein by the uncontradicted testimony was shown to be only ten or eleven years of age. There is no proof in the record which shows that he had discretion sufficient to understand the illegality of the several acts alleged to constitute the offense against him. The result is that the judgment must be reversed on this ground. See the decisions under this article in 1 Vernon's Criminal Statutes.

We have also concluded that we were in error in holding that the testimony objected to, shown in the original opinion, of the sheriff, Mr. Neubauer, was admissible under the circumstances. We now believe and hold that this testimony was inadmissible. 1 Branch's Ann. P. C., p. 99. It was admitted before appellant had testified, and not solely to impeach him, but to tend to prove the State's main case against him. It is not intended, however, on this point, to hold that a witness, or the accused himself, when he testifies, can not be impeached by showing he has been convicted of theft, within a reasonable time before the prosecution, would not be admissible. For such evidence would be admissible for impeachment. 1 Branch's Ann. P. C., sec. 167.

For the errors above pointed out the rehearing is granted and the case now ordered reversed and remanded.

*Reversed and remanded.*