## EX PARTE WILLIAM LITTLE.

### No. 5032.   Decided May 8, 1918.

Contempt—Juvenile Delinquency—Neglect of Child—Civil Case—Jurisdiction.

Where, upon original habeas corpus proceedings, the application was filed in this court upon the theory that the judgment was entered in a proceeding under the juvenile delinquency Act, but it appeared later that the proceeding grew out of the controversy over the custody of a dependent or neglected child, and that the same is civil in its nature, the jurisdiction is in the civil courts, and not in this court, and the writ of habeas corpus is denied. Following Ex parte Mussett, 72 Texas Crim. Rep., 487, and other cases.

From Bexar County.

Original habeas corpus proceedings asking release from custody under a fine of one hundred dollars for contempt in the County Court of Bexar County, Texas.

The opinion states the case.

*Chambers, Watson & Reyes,* for relator.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Relator applied for a writ of habeas corpus seeking discharge from an order of the county judge of Bexar County adjudging him guilty of contempt. The order permitting the application to be filed was on the theory that the judgment was entered in a proceeding under the juvenile delinquency Act. Vernon's Texas C. C. P., p. 985, title 17. This Act has been construed criminal in its nature. Ex parte McLoud, 200 S. W. Rep., 394; Ex parte Pruett, 200 S. W. Rep., 392; Miller v. State, 200 S. W. Rep., 389; McLaren v. State, 82 Texas Crim. Rep., 449. Since the application has been supplemented by the facts it appears that the proceeding grew out of a controversy over the custody of a dependent or neglected child. See Vernon's Civil Statutes, vol. 2, title 38, chap. 1, arts. 2184 to 2190, inclusive.

Proceedings under this statute we regard as civil in their nature. Instances are numerous in which this has been declared. See cases cited in Miller v. State, 200 S. W. Rep., 389, motion for rehearing; Ex parte Singleton, 72 Texas Crim. Rep., 122; Ex parte Reed, 34 Texas Crim. Rep., 9; Legate v. Legate, 87 Texas, 248; Ex parte Reeves, 100 Texas, 617. The Supreme Court is given jurisdiction of habeas corpus proceedings growing out of a civil cause. See art. 5, sec. 3, of the Constitution and by the Revised Civil Statutes of 1911, art. 1529. While this court also has jurisdiction to issue a writ of habeas corpus when one is illegally restrained of his liberty, article 5, section 5, of the Constitution, we will not exercise it as against an order made in a civil case but will relegate the applicant to the pursuit of his remedy in the courts of civil jurisdiction. Ex parte Alderete, not yet reported; Ex parte Mussett, 72 Texas Crim. Rep., 487.

We therefore decline to issue the writ of habeas corpus and remand the relator to the respondent, John W. Tobin, sheriff of Bexar County, without in any way prejudicing relator's privilege of pursuing his remedy by habeas corpus or otherwise in the civil courts having jurisdiction.

*Writ declined.*