Thomas Jefferson v. The State.

No. 5417.  Decided June 18, 1919.

Rehearing denied October 15, 1919.

1.—Rape—Juvenile Court—Affidavit—Arrest—Age of Defendant—Confession —Presumption.

Where, upon appeal from a conviction of rape, appellant complained of the introduction of certain testimony in passing upon his affidavit alleging that he was a juvenile, the presumption obtains in this court that there was sufficient testimony before the trial court to sustain his judgment that appellant was more than seventeen years of age, notwithstanding defendant's statements while under arrest as to his age were inadmissible as confessions. Following Oliver v. State, 81 Texas Crim. Rep., 529.

2.—Same—Evidence—Census Report—Rule Stated.

Where, upon trial of rape upon a female under the age of consent, the State introduced in evidence the census report of a certain school district showing the defendant's age; that said report came from the proper custody, etc., there was no error although the census taker could not identify the person whose name was attached to said report, etc., as this went to the weight of the testimony and not its admissibility.

3.—Same—Requested Charge—Practice in District Court.

Where, upon trial of rape, the indictment was in two counts, one charging statutory rape and .the other rape by force, there was no reversible error in refusing a requested charge that the jury be instructed not to consider the evidence relating to force used by defendant.

4.—Same—Age of Defendant—Requested Charge—Juvenile.

Where, upon trial of rape, defendant claimed that he was under seventeen years of age at the time of his trial but the court overruled his application and he was tried and convicted as in ordinary felony, there was no error in the court's refusal to instruct the jury if they believed defendant to be under seventeen years of age at the time of the commission of the alleged offense they could not convict him, as the question of defendant's age was confined to the time of the trial; besides, it was a matter for the court and not the jury to decide defendant's claim whether he was a juvenile at the time of the trial.

5.—Same—Evidence—Affidavit—Practice in District Court—Discretion of Court—Burden of Proof.

Where defendant's affidavit that he was a juvenile was controverted by the State, and upon this issue evidence was heard, at the conclusion of which the court entered his order and judgment refusing to dismiss the indictment against the defendant, and tried and convicted him as in ordinary felony, and the record on appeal showed that the court below heard the witnesses offered by the defendant and that their testimony was so contradictory as to lead him to believe the same was false. Held, that the matter was largely in the discretion of the trial judge and in the absence of abuse shown by the court in his ruling there was no reversible error; the burden of proof being upon defendant.

6.—Same—Sufficiency of the Evidence.

Where, upon trial of rape, the evidence was sufficient to support the conviction there was no reversible error.

**7.—Same—Juvenile—Motion for Rehearing—Discretion of Court.**

Where appellant complained in his motion for rehearing that this court should have held the trial court in error for adjudging appellant to be over seventeen years of age at the time of the trial, but the record showed that the trial court exercised his proper discretion in holding that appellant failed to show by the burden of proof that he was under seventeen years of age at the time of said hearing, there was no reversible error.

Appeal from the District Court of Hill. Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of rape; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*J. Webb Stollenwerck,* for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.—On question of court's refusal to hold that defendant was a juvenile: Linthecum v. State, 211 S. W. Rep., 456.

LATTIMORE, JUDGE.—Appellant was convicted of the rape of a fifteen year old girl and his punishment fixed at ten years confinement in the penitentiary.

It is claimed, on appellant's behalf, that he was under seventeen years of age at the time of his trial. An affidavit was filed setting forth his age, and this matter was presented to the court, who, after hearing evidence, entered an order and judgment that appellant was more than seventeen years of age, and he was accordingly tried and convicted as in an ordinary felony.

Appellant presents two bills of exception complaining of what transpired upon the hearing before the court in the introduction of testimony in order to enable the court to pass upon his affidavit of juvenility. We think the introduction before the court of his statement while under arrest, of his age, is in violation of our rules against the admission of confessions. Oliver v. State, 81 Texas Crim. Rep., 529. But as the matter was before the court, the presumption obtains that there was sufficient legal testimony upon which the court based his judgment.

The complaint against the admission before the court of the census report of the Itasca school district for the year 1918-1919 is without force. The census taker identified said report as having been taken and made by him, and it was produced from the custody of the county superintendent of schools, who was the proper custodian thereof. Same showed the name of appellant as a scholastic, and that the date of his birth was such as to make him more than seventeen years of age. The fact that the census taker could not identify the person whose name was attached to said report, nor of

his own knowledge state that she was the mother or guardian, went to the weight of said testimony, which was for the court in that character of inquiry.

Appellant asked that the jury be instructed not to consider the evidence of force, or that there was blood or wounds on the injured female. The court's refusal to give said special charge was proper, there being two counts in the indictment, one charging statutory rape, and the other rape by force.

Appellant also asked that the jury be told that they could not convict if they believed him under seventeen years of age at the time of the commission of the alleged offense. This was properly refused. The matter of appellant's age was before the court only as bearing upon the question of his juvenility, which was a matter for the court and not for the jury. The question of his age, we further observe, is confined to the time of the trial and not the time of the commission of the offense. There being no question in the case as to the fact of appellant being of sufficient age to make him legally responsible, the court did not err in excluding from the jury evidence as to the appellant's age, nor in refusing to dismiss the case after the evidence was concluded.

Appellant's affidavit that he was a juvenile was controverted by the State, and upon this issue evidence was heard, at the conclusion of which the court entered his order and judgment refusing to dismiss said indictment. There is no approved statement of the facts heard by the court, but there is in the record what purports to be a bill of exceptions containing over thirty pages of questions and answers. No ground of exception is stated anywhere in said bill. As originally presented in the record said bill of exceptions was not signed by the court, nor was there any concluding portion to said bill as prepared by his counsel, but the same has been corrected, and the correction considered by us. The court qualifies this purported bill of exceptions with the statement that he heard the witnesses offered, and their testimony was so contradictory as to lead him to believe the same false. There was some evidence offered by the State in rebuttal of that of appellant on the question of juvenility. Article 1195, C. C. P., puts the burden of proof, in matters of this kind, upon the appellant, and its requirement is that the evidence must be such as that the trial judge is satisfied therefrom that the accused is less than seventeen years of age. The repetition in said article twice, of the fact that the evidence must satisfy the trial judge that the accused is less than seventeen, would seem to indicate an intention on the part of the Legislature to place large discretionary powers in such trial judge in determining this question. Evidently the law makers must have had in mind the ease with which the issue of the exact age of one charged with crime, and who might have been either a little over or a little under age of seventeen,

might be beclouded, and that the result of a decision of this question could only be to effect the place of confinement and not the question of guilt or innocence. It seems the Legislature did not expect the decision of the trial judge in this matter to be reviewed, except it was manifestly wrong, which we cannot say of the decision of the court in the instant case.

The fact of appellant's guilt was beyond controversy. The girl upon whom the rape was committed was only fifteen years of age. She and two other negro children testified positively to the fact of the assault, and her bruised and bloody condition was tesified to by several other people who saw her soon afterward, and in addition to the two children and the prosecutrix, two white men were called as witnesses for the appellant, who were passing along the road not a great distance away, and saw part of the occurrences, and what they state fully corroborates the State's witnesses.

There being no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

October 15, 1919.

LATTIMORE, JUDGE.—In an able and extended motion for rehearing, appellant contends that we should have held the trial court in error for adjuging appellant to be over seventeen years of age at the time of the presentation and hearing upon his affidavit of juvenility.

The bill of exceptions to the action of the trial court in this matter is very lengthy, and sets out *in extenso* the testimony adduced on the preliminary hearing. Said bill is qualified by the statement of the trial court that the witnesses for the appellant gave testimony so contradictory and inconsistent as to make it incredible. We have gone over this testimony given by the aunt, father, and mother of appellant (all being negroes) and must say that we are not disposed to criticize the view taken of it by the trial court. Each of said witnesses stuck to the fact that appellant was born November 3, 1902, and was therefore 16 years of age at the time of said hearing in 1919, but their testimony upon cross-examination is such as that we can easily see how the trial court discredited same. The aunt said she had lived in Ft. Worth for fourteen years preceding the hearing, and had lived in McLennan County four years next before moving to Ft. Worth, and that previous to that she lived in Bell County, during which residence and in which county appellant was born. If this was true, appellant was considerably over sixteen years of age at said time. Appellant's mother said she was born in November,

1882, in Bastrop County, and moved to Bell County in June, 1900, and that soon after she reached Bell County she began keeping company with the father of appellant and became pregnant by him within a year thereafter, appellant being the result.

Appellant was born in November, and from his mother's testimony it would appear that his probable birth was November, 1901, which coincides with the age of appellant as same appears on the census report of the Itasca colored schools, which report is also in evidence. The burden being upon the appellant to prove that he was under seventeen years of age at the time of said hearing, if he failed to discharge this burden it was the duty of the trial court to refuse his motion to dismiss on account of juvenility. The exercise of his sound discretion by the trial court should not be reviewed by us unless we are convinced that such action was unsupported by and contrary to the credible evidence. This we are not prepared to hold in the instant case, and the motion is overruled.

<em>Overruled.</em>