BOB LEE v. THE STATE.

No. 5435.   Decided October 22, 1919.

1.—Theft—Juvenile—Age of Defendant—Res Adjudicata.

Where appellant was arraigned in the District Court for felony theft and presented his affidavit of juvenility in accordance with the statute, tendering his testimony, which the court refused to hear because at a former trial a similar affidavit had been overruled, the same was reversible error and the doctrine of res adjudicata is not applicable and the court should have heard testimony as to the age of the accused.

2.—Same—Evidence—Former Trial—Age of Juvenile.

Upon trial of felony theft where defendant presented his affidavit of juvenility, it was error to permit the district attorney to put into the record for appeal, over the objection of appellant, the evidence heard upon the issue of juvenility by the court at a former trial, the same not having been offered upon trial of the case; besides, this would not be conclusive of the age of the accused.

Appeal from the District Court of Fannin.   Tried below before the Hon. Ben. H. Denton, judge.

Appeal from a conviction of theft; penalty, not less than two and not more than four years imprisonment in the penitentiary.

The opinion states the case.

Cunningham, McMahan & Lipscomb, for appellant.—Cited Mc-Laren v. State, 209 S. W. Rep., 669.

E. A. Berry, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was given four years in the State penitentiary, upon a conviction of felony theft, in the District Court of Fannin County, and appeals. When the case was called for trial in March, 1919, at which time appellant was convicted, he presented to the trial court his affidavit of juvenility, in accordance with the provisions of Article 1195, C. C. P., tendering testimony at that time of a number of witnesses in support of the facts therein stated. The court refused to hear said testimony, or any testimony, and in the bill of exceptions taken by the appellant to such refusal, the court explains that his reason for such action was that at a former trial, a similar affidavit had been filed and testimony heard by the court, and the issue decided adversely to appellant. We might observe that it is made to appear from the record in this case that the witnesses tendered by appellant at the time of this trial appear to be other and different witnesses, additional to those heard by the court formerly, though we would not make this a deciding point in the case.

We do not think the doctrine of *res adjudicata* applicable to this state of facts. The issuable matter in every such case is the age of the accused at the time he is brought to trial, and we think he has a right to a hearing upon such issue, and to bring to this court for review if he so desires, the evidence heard by the court at such time and upon which such issue is decided adversely.

It was also erroneous for the court to permit the district attorney to put into this record, over the objection of appellant the evidence heard upon the issue of juvenility by the court at a former term. It was not offered before the jury, nor was it offered by the appellant. When this issue is renewed at the time of the trial, and evidence offered in support of such issue by the appellant, same should be heard. We are not concerned with the action of the trial court on this matter at a former term, unless the parties, by some character of agreement, have incorporated in the record the evidence then heard, as being relevant to such issue joined between the parties at the time of the instant trial. The decision of this issue is one for the trial court preliminary to the trial by the jury.

For the errors indicated, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*