Herman McRuffin v. The State.

No. 6472.    Decided April 26, 1922.

1.—Theft—Felony—Juvenal—Practice in Trial Court.

Where defendant filed an affidavit alleging that he was under the age of seventeen years, it was the duty of the judge, if the evidence showed that there was room for a difference of opinion among reasonable minds as to the age of defendant to try him as a juvenal, and where the court overruled his application and the defendant was tried and convicted of felony theft, the same was reversible error under the facts of the instant case.

2.—Same—Words and Phrases—Juvenal—Rule Stated.

The term "satisfied" in the statute does not mean that the issue may be decided against the accused capriciously or arbitrarily, and it is the opinion of this court that the appellant should be tried as a juvenal. Following Miller v. State, 82 Texas Crim. Rep., 495, and other cases.

Appeal from the District Court of Kaufman.    Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Bumpass & Wade,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for theft, a felony; punishment fixed at confinement in the penitentiary for a period of two years.

The appellant, following the procedure prescribed by the statute, preliminary to the trial, filed an affidavit charging that he was under the age of seventeen years.    Article 1195, Code of Crim. Proc. After hearing evidence upon this issue, the trial court decided against appellant's contention.

Appellant, a negro boy, apparently the bastard son of the daughter of Chas. McRuffin, was born and reared in his grandfather's house and family.    His mother was dead; his father was unknown to the witnesses who testified.

His grandfather testified that, according to the best of his knowledge and recollection, appellant was sixteen years of age "and going on seventeen," as he expressed it.    The grandmother testified that he was sixteen or seventeen years old, she did not remember which; that she did not remember her own age, though she knew the year in which she was born; that the appellant was only a boy and had just put on long trousers last year.    The sheriff had known the grandfather for about thirty years, and had only known the boy during the two

months he had been in custody, though he had known of him and would judge him to be between sixteen and seventeen years of age. Another witness for the State had known the boy for some time and judged him to be about sixteen years old, and said that he considered him just a boy who cleaned up offices. Another State's witness said that it was hard to judge a negro boy's age by his appearance, but that he was probably sixteen or seventeen years old. Still another witness said that he did not know his age, but considered him just a boy.

It is not the policy of the State to confine in the penitenitary boys under the age of seventeen years. The Juvenile Laws, Title 17, Code of Crim. Proc., reflect a contrary intent of the Legislative Department of the Government. McLaren v. State, 82 Texas Crim. Rep. 451. If the evidence heard upon the issue made satisfies the trial judge that the offender is under seventeen years, the statute requiring that he be given the benefit of the Juvenile Laws is mandatory. McLaren v. State, supra; Miller v. State, 82 Texas Crim. Rep., 495; 200 S. W. Rep. 389; Ex parte Pruitt, 82 Texas Crim. Rep., 394; 200 S. W. Rep. 392; Ex parte McLoud, 82 Texas Crim. Rep., 299; 200 S. W. Rep. 394. Conceding that the statute is so framed as to put the burden of proof on this issue upon the accused, still if the evidence is such as to leave no room for a difference of opinion among reasonable minds, this court will not sanction a judgment against the evidence.

The term "satisfied" in the statute does not mean that the issue may be decided against the accused capriciously or arbitrarily. Words & Phrases, New Series, Vol. 4, p. 470; United States v. Hrasky, Amer. & Eng. Ann. Cas., Vol. 16, p. 279. The appellant should, in our opinion, have been tried as a juvenile.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*