Otho Robertson v. The State.

·No. 6991.   Decided June 21, 1922.

Rehearing Denied October 11, 1922.

### 1.—Burglary—Juvenility—Legislative Intent—Age of Defendant.

It is apparent from the statute that it was the purpose of the Legislature that the Judge should determine the question of accused's age, as a preliminary matter, and the contention of appellant that he was entitled to a jury and in its absence would be deprived of his constitutional rights of trial by jury is untenable, following Lee v. State, 86 Texas Crim. Rep., 146, and other cases.

### 2.—Same—Continuance—Practice on Appeal—Age of Defendant.

Where defendant's bill of exceptions to the overruling of an application for continuance was qualified by the trial judge, and the record showed that the evidence offered upon defendant's age showed him to be over seventeen years at the time of the hearing, there was no error in overruling the application.

### 3.—Same—Requested Charge—Duress.

Where the evidence failed to show that appellant was under any such duress as set out in Article 44, Penal Code, as would relieve him from criminal responsibility or punishment for the offense committed, there is no error in refusing the requested charge thereon.

### 4.—Same—Juvenile—Age of Defendant—Rehearing.

Where it appeared from the statement of defendant himself, that he was not a juvenile at the time of the instant trial, and the evidence being conflicting upon this issue, its decision was for the trial court, and there was no reversible error. Further, the evidence upon the question of continuance was immaterial and there was no error in overruling the application.

Appeal from the District Court of Matagorda. Tried below before the Hon. M. S. Munson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John F. Perry,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for burglary with punishment assessed at two years' confinement in the penitentiary.

Appellant filed an affidavit that he was under seventeen years of age. This issue was set down for hearing by the trial judge and determined against appellant, after which he was placed on trial upon the merits of the case. Appellant raises the question that he was deprived of his constitutional right of trial by jury, contending that he was entitled to a jury to determine the issue of his age as a preliminary matter, or that the issue should have been submitted to the jury trying the case upon the merits along with the other issues raised by the evidence. We copy from Article 1195, C. C. P., the following provision:

"When an indictment is returned by the grand jury of any county charging any male juvenile under the age of seventeen years with a felony, the parent, guardian, attorney or next friend of said juvenile, or said juvenile himself, may file a sworn statement in court, setting forth the age of such juvenile, at any time before announcement of ready for trial is made in the case. When such statement is filed, the *judge* of said court shall hear evidence on the question of the age of the defendant; and, if he be satisfied from the evidence that said juvenile is less than seventeen years of age, said *judge* shall dismiss such prosecution and proceed to try the juvenile as a delinquent, under the provisons of this Act."

It is apparent from the statute just quoted that it was the purpose of the Legislature that the judge should determine the question of accused's age as a preliminary matter, and if he should be satisfied that accused was less than seventeen years of age the prosecution should be dismissed and accused be proceeded against as a juvenile delinquent. In construing this statute the decisions are against appellant's contention as will be seen by a reference to Lee v. State, 86 Texas Crim. Rep., 146, 215 S. W. Rep., 326; Jefferson v. State, 85 Texas Crim. Rep., 614, 214 S. W. Rep., 981; Flores v. State, 89 Texas Crim. Rep., 506, 231 S. W. Rep., 786; McRuffin v. State, 91 Texas Crim. Rep., 569, (No. 5899, opinion delivered April 26, 1922). We gather from appellant's bill of exception that he is complaining because the court failed to grant him a continuance to secure the testimony of his father and mother and also the family Bible upon the issue of his age. The court qualifies the bill by stating that when he ordered a hearing upon that issue appellant announced ready for trial and introduced his father, J. S. Robertson, as a witness, who testified that appellant was born November 12, 1905. If this testimony was true, then appellant was under seventeen years of age at the time of the instant trial. It is made to appear, however, from the bill that a question arose as to the correctness of his father's statement, it being contended by the State that he was born in November, 1904. The court postponed the hearing upon the issue of appellant's

age until nine o'clock the next morning and directed appellant's father to produce the family Bible at that time. The witness failed to appear at the designated time and application for continuance was presented, claiming that after he had returned home the day before he had been taken sick. The application states that a physician was present in court who would testify to that fact, but the trial judge certifies that neither the testimony of the doctor nor his affidavit to that effect was presented to the court to explain the absence of the witness. As part of the explanation to the bill the trial judge says appellant's father had told him the day before that appellant was under seventeen years of age when the offense was committed, but was now over seventeen. Upon being informed that it was the age at the time of trial that would control he said he might be mistaken as to the date of birth. This conversation was in no way shown upon the hearing, and seems to have been a private conversation between the trial judge and appellant's father, a matter which the judge in his judicial capacity could not certify into the record. We find, however, from the record that other evidence was offered upon the issue of appellant's age, and the court says that being fully satisfied upon the evidence introduced that appellant was over seventeen years of age at the time of the hearing he entered an order to that effect and directed the trial to proceed under the indictment. We are unable to say that the court was in error in his ruling in this regard. Under the article of the Statute heretofore quoted large discretion is lodged in the trial judge, and he was warranted in concluding from the evidence before him that appellant was over seventeen years of age at the time of the trial. We are unable to discover any abuse of discretion on his part in reaching such conclusion. The case of Jefferson v. State, *supra,* is directly against appellant's contention that the issue should have been submitted to the trial jury.

Appellant and one Pierce Downer were jointly indicted for burglary. The facts disclose that a railroad office was broken into, the safe removed therefrom and carried some distance from the town, the lock chiseled off and the contents taken. Downer was a man twenty-six years of age. Appellant admitted the burglary, making an unwarned confession in which he told the sheriff the hiding place of a portion of the stolen property which was found by the officer as a result thereof, and later made a written confession after proper warning, giving all the details of the preparation for and the commission of the burglary. Counsel asked a special charge to the effect that if "the jury believed from the evidence that the mind of appellant was influenced to such an extent by Downer as to render appellant incapable of cool reflection and of the control of his normal mind and actions, that they would acquit him." We find no support either under the evidence or in the law for such a charge. The evidence

fails to show that appellant was under any such duress as set out in Article 44 of our Penal Code, as would relieve him of criminal responsibility or punishment for the offense committed. No threats were made; no violence of any kind on the part of Downer towards appellant was shown. They appear to have been acting together in a joint undertaking, Downer furnishing the automobile and appellant paying for the gasoline necessary to reach the place where the burglary was committed. The jury may have considered the disparity in the ages in assessing the minimum punishment against appellant, and this was as far as they were at liberty to go under the law.

Finding no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

October, 11, 1922.

LATTIMORE, JUDGE.—In his motion for rehearing appellant insists that a continuance should have been granted him, and that we erred in upholding the action of the trial court in refusing to transfer this cause to the juvenile court. We correctly said in the opinion that the decision of the question of juvenility was for the trial judge, this being of course subject to revision by this court upon appeal. An examination of the record discloses that the only witness introduced by appellant in his behalf on this point was his father, who testified that appellant was born in November, 1905. This being true, appellant would have been under seventeen years of age at the date of his trial. As rebutting this testimony of appellant's father, it appears that school and census records, including a statement made by appellant's mother, were introduced by the State, all of which showed that appellant while only sixteen years of age at the time of the commission of the offense in September, 1921, became seventeen in November, 1921, and was, therefore, not a juvenile at the time of the trial in 1922. In addition to the above evidence, it was shown that when arrested and charged with this offense in September, 1921, appellant himself stated that he was then sixteen years of age. If this was true he became seventeen in November 1921, and was, therefore, not a juvenile at the time of this trial. The evidence being conflicting upon this issue, its decision was for the trial court, and we do not think our opinion erroneous in holding that there was sufficient evidence before said trial court to justify his decision against appellant on this issue.

The only evidence attributed to the father and mother of appellant in their application for continuance based on their absence, was that if present they would testify that he would not be seventeen until November 1922. This evidence was immaterial to any issue in the case save that relating to whether he should be tried as a

juvenile or otherwise. When the latter issue was being tried appellant's father was present. The testimony of the absent witnesses not shedding light upon any material issue in the case as tried before the jury, no error could arise from the refusal of such continuance.

The motion for rehearing will be overruled.

*Overruled.*