### M. T. Williams v. The State.

No. 9522.   Delivered December 2, 1925.

Rehearing denied February 17, 1926.

**1.—Robbery with Deadly Weapon—Statement of Facts—Filed after Term—Not Considered.**

Where the mother of appellant filed an affidavit averring that appellant was under 17 years of age and requesting the court to hear evidence relative thereto, and evidence is heard, a statement of facts containing the evidence heard must be filed during term time, and having been filed after adjournment of the term, it cannot be reviewed by us. Following Reese v. State, 94 Tex. Crim. Rep. 220 and other cases cited.

**2.—Same—Judgment and Sentence—Incorrect is Reformed.**

It appearing that the sentence noted is incorrect in that it condemns appellant to the penitentiary for 25 years, it is now reformed to condemn him to serve not less than 5 nor more than 25 years, in the penitentiary, and as so reformed is affirmed.

Appeal from the District Court of Wichita County. Tried below before the Hon. H. R. Wilson, Judge.

Appeal from a conviction of robbery with a deadly weapon, penalty 25 years in the penitentiary.

The opinion states the case.

*A. S. Broadfoot* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for robbery with a deadly weapon. The punishment is 25 years' confinement in the penitentiary.

The facts heard upon the trial touching appellant's guilt or innocence are not before us. There appears to have been no exception taken to the court's charge nor to any procedure during the trial save one. Appellant's mother filed an affidavit averring that he was under 17 years of age and requested the court to hear evidence relative thereto and transfer the cause to the juvenile docket and try him as a juvenile. The evidence upon this issue is in the record in the form of a statement of facts agreed to by the attorneys and approved by the trial judge. The trial term of court adjourned on the 28th day of February, 1925. The statement of facts referred to was filed in the court below on May 25, 1925. There is in the record an order extending the time for filing statement of facts and bills of exception. The statement of facts upon the issue of appellant's juvenility was filed within the period covered by the extension, but not during the trial term of court. For this reason we cannot consider it. In Reese v. State, 94 Tex. Crim. Rep. 220, 249 S. W. 857, is found this language under facts very similar to those there presented.

"Appellant was allowed 90 days after adjournment in which to file statement of facts and bills of exception. The bill in question was filed within the time extension granted by the court but not before adjournment. It has been uniformly held since Black v. State, 41 Tex. Crim. Rep. 185, 53 S. W. 116,

that a statement of facts of bill of exception presenting matters outside the record must be filed before adjournment of the trial term of court, and that the extension applies only to statement of facts as to the guilt or innocence of accused and to bills of exception taken to matters arising during the trial."

In addition to the Black case, supra, many other authorities are cited in the opinion in the Reese case. See also Crowley v. State, 92 Tex. Crim. Rep. 103, 242 S. W. 472; Ash v. State, 93 Tex. Crim. Rep. 189, 245 S. W. 927.

Before noticing that said statement of facts was not filed during term time we had examined it. Even if it could be considered we think the ruling of the trial court holding that appellant was more than ·17 years of age could not be disturbed. The evidence upon the issue is conflicting. In matters of this kind large discretion is lodged with the trial court. He had an opportunity to observe the witnesses, to inspect the entries in the Bible and the reports made to the scholastic census taker by the mother of appellant relative to his age. We observe no abuse of the court's discretion in determining the issue against appellant: Jefferson v. State, 85 Tex. Crim. Rep. 614, 214 S. W. 981; Flores v. State, 88 Tex. Crim. Rep. 349; 227 S. W. 320; Robertson v. State, 92 Tex. Crim. Rep. 350; 243 S. W. 1098; McRuffin v. State, 91 Tex. Crim. Rep. 569, 240 S. W. 309.

Our attention has been called to the fact that in pronouncing sentence the court overlooked the indeterminate sentence law (Art. 775, C. C. P. 1925 Revision) and directed the incarceration of appellant in the penitentiary for a term of 25 years. The sentence is amended in compliance with said article so that appellant shall be condemned to confinement in the penitentiary for not less than 5 nor more than 25 years.

As reformed the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We fully considered each matter set up in appellant's motion and the authorities relative thereto, in our original opinion. We see no reason for any extended discussion of them now. No additional authorities are cited, and no new argument advanced.

The motion for rehearing will be overruled.

*Overruled.*