HAROLD PURVIS v. THE STATE.

No. 19267. Delivered January 5, 1938.

The opinion states the case.

*C. Land,* of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant was convicted for being a delinquent child and his punishment assessed at confinement in the state juvenile training school at Gatesville, Tex., for six months.

The complaint and information charged appellant with having stolen one chicken from J. A. Merrick. It appears from the testimony of the State that appellant sold Mr. Merrick's chicken to a produce company. Appellant was twelve years of age at the time of the alleged theft.

Over appellant's timely and proper objection, the court instructed the jury as follows: "The recent possession of stolen property is a presumption of guilt." This charge was equivalent to an instruction to the jury to find appellant guilty. While he was shown to be in possession of the chicken in question, such possession did not raise a legal presumption of his guilt. It was only a circumstance to be considered by the jury in determing whether he was guilty. It follows that the exception to the charge was well taken. Lewis v. State, 276 S. W., 1102.

It has been observed that appellant was twelve years of age at the time of the alleged theft. We find in the record no proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense. The failure to make such proof also necessitates a reversal of the judgment. Miller v. State, 200 S. W., 389. Art. 30, P. C., reads as follows:

"No person shall be convicted of any offense committed before he was nine years old except perjury, and for that only

when it shall appear by proof that he had sufficient discretion to understand the nature and obligation of an oath; nor of any other offense committed between the age of nine and thirteen, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.